UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHERINE PEPE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, et al.<br><br>　　　　Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-3746 (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

MARK J. HILL ASSOCIATES, P.C.
By: Mark J. Hill, Esq.
400 North Church Street, Suite 250
Moorestown, NJ 08057
　　Counsel for Plaintiff

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By: Paul A. Blaine, Assistant United States Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101
　　Counsel for Federal Emergency Management Agency

CARROLL, MCNULTY & KULL LLC
By: Gary Kull, Esq.
　　Shaun I. Blick, Esq.
120 Mountain View Blvd.
P.O. Box 650
Basking Ridge, NJ 07920

　　　　and

NIELSEN LAW FIRM, LLC
By: Kim Tran Britt, Esq.
3838 North Causeway Blvd., Suite 2850
Metairie, LA 70002
　　Counsel for Defendants Fidelity National Property and Casualty
　　Insurance Company and Fountain Group

1

**IRENAS**, Senior District Judge:

Plaintiff Catherine Pepe initiated this action against Fidelity National Property and Casualty Insurance Company ("Fidelity"), Fountain Group LLC ("Fountain"), and the Federal Emergency Management Agency ("FEMA") seeking damages in connection with the denial of a claim for flood damage to her property.  Pending before the Court is a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) filed by Fidelity and Fountain, and a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed by FEMA.

## I.

Plaintiff maintained a Standard Flood Insurance Policy ("SFIP") for properties located at 226 E. Cresse Avenue, Wildwood Crest, New Jersey.  (Compl. ¶¶ 1, 10.)  The Front Building and the Rear Building were each covered by separate SFIPs issued by Fidelity pursuant to the National Flood Insurance Program ("NFIP").[1]  (*Id.* ¶¶ 11-12.)  Between November 11, 2009 through November 15, 2009, the Front and Rear Buildings allegedly sustained severe flood damage due to "Hurricane/Tropical Depression Ida and a related nor'easter."  (*Id.* ¶¶ 16, 18.)

Following the storm, Plaintiff made a flood loss claim to Fidelity for both Buildings.  (*Id.* ¶ 19.)  Fountain was assigned to

---

[1] Fidelity is a Write-Your-Own ("WYO") company participating in the FEMA-administered NFIP.  42 U.S.C. § 4001 *et seq*.  Through the WYO program, FEMA has authorized private insurance companies to issue SFIPs with claims and expenses paid by the National Flood Insurance Fund.  *See* 44 C.F.R. § 62.23.

adjust Plaintiff's claim for the Rear Building while a different adjuster was assigned Plaintiff's claim for the Front Building. (*Id.* ¶ 20.) Tom Klein, an agent of Fountain, inspected the Rear Building and allegedly concluded that no flood had occurred in the area and that no clear evidence of a water line existed. (*Id.* ¶¶ 24, 29-30.) According to the Complaint, Fidelity never made a determination regarding Plaintiff's flood loss claim to the Rear Building and therefore Plaintiff concludes that her claim was constructively denied. (*Id.* ¶¶ 34-35.)

On June 29, 2011, Plaintiff initiated the instant action by filing a three Count Complaint, alleging claims for breach of contract against Fidelity and FEMA, as well as a third party beneficiary claim against Fountain. On September 6, 2011, Fidelity and Fountain filed their Motion for Judgment on the Pleadings. Fidelity seeks to dismiss only Plaintiff's claims for extra-contractual damages, while Fountain seeks to dismiss the third-party beneficiary claim asserted against it. On September 23, 2011, FEMA filed its Motion to Dismiss.

## II.

### A.

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for lack of subject matter jurisdiction. The party asserting that jurisdiction is proper bears the burden of showing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994). When considering a motion to dismiss for lack of subject matter jurisdiction, a court may not presume the truthfulness of plaintiff's allegations, but must "evaluate for itself the merits of jurisdictional claims." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)(quoting *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The court may consider exhibits outside the pleadings and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891.

### B.

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) Motion for Judgment on the Pleadings is subject to the same standard of review as a Rule 12(b)(6) Motion to Dismiss. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *see also Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004); *Collins v. F.B.I.*, 2011 WL 1624025, at *4 (D.N.J. April 28, 2011).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

4

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.

### A.

FEMA moves to dismiss the claims against it arguing that "Congress has not waived sovereign immunity to permit this lawsuit to be brought directly against FEMA under 42 U.S.C. § 4072." (FEMA Br. in Support at 1.)

It is well established that the United States and its agencies are immune from suit unless Congress explicitly waives sovereign immunity. *U.S. Dept. of Energy v. Ohio*, 503 U.S. 607, 615 (1992). The National Flood Insurance Act ("NFIA") contains a limited waiver of sovereign immunity where a claim was directly submitted to,

evaluated, and denied by the FEMA Director, as opposed to a WYO company.[2] *See* 42 U.S.C. § 4072; *see also Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 166 (3d Cir. 1998)(noting that "the plain text appears to restrict the reach of § 4072 to suits against FEMA.").

In this case, Plaintiff purchased the SFIPs from Fidelity, filed a claim with Fidelity, and Fidelity assigned Fountain to adjust Plaintiff's claim.  The SFIP at issue was not directly issued from FEMA and FEMA did not participate in the evaluation of Plaintiff's claim.[3]  (Christian Dec. ¶¶ 5-6, 9).

---

[2]  In pertinent part, 42 U.S.C. § 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Director [of FEMA] shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property of the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072.

[3]  In her Opposition Brief, Plaintiff argues that "it is not clear that FEMA was not a participant in the denial of [her] claim." (Opp. Br. at 2.)  However, this argument is wholly

Other federal courts to have considered this issue under circumstances similar to those presented here--where an insured obtained an SFIP from a private WYO company, which evaluated and denied the insured's claim--have dismissed claims against FEMA, reasoning that the NFIA's limited waiver of sovereign immunity is not satisfied. *See Bruno v. Paulison*, 2009 WL 377300, *5-6 (D.Md Feb. 12, 2009); *Tucard v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 567 F.Supp. 2d 215, 218-19 (D.Mass. 2008); *Sutor v. FEMA*, 2008 WL 1959693, *3-4 (E.D.Pa. May 5, 2008); *Hower v. FEMA*, 2004 WL 2577503, *2-3 (E.D.Pa. Oct. 21, 2004).

Since FEMA neither issued the SFIP to Plaintiff nor participated in the denial of her claim, the conditions for the limited waiver of sovereign immunity in 42 U.S.C. § 4072 are not met. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claim against FEMA and FEMA's Motion to Dismiss will be granted.

## B.

In Count Three of the Complaint, Plaintiff asserts a third-party beneficiary claim against Fountain arising out of its investigation and adjustment of Plaintiff's flood loss claim. (*See* Compl. Count Three.) Plaintiff also seeks interest and attorney's fees and costs against both Fountain and Fidelity. (*See* Compl. Counts One and Three.)

---

unsupported and even contradicted by the allegations in the Complaint that she purchased the SFIPs from Fidelity, that her claim was adjusted by Fountain and that it was ultimately denied by Fidelity. (*See* Compl. ¶¶ 10-11, 20, 32.)

7

Fidelity argues for dismissal of Plaintiff's claims for extra-contractual damages,[4] while Fountain argues for dismissal of the third-party beneficiary claim asserted against it.  In their Motion for Judgment on the Pleadings, Fidelity and Fountain argue that these claims are preempted by federal law.

The Court agrees.  First, extra-contractual and negligence claims are barred against all persons involved in the claims adjustment process, including the WYO company.  *See C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 272 n.12 (3d Cir. 2004); *Sutor v. FEMA*, 2009 WL 2004375, at *5-6 (E.D.Pa. July 9, 2009); *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F.Supp. 2d 513, 523 (D.N.J. 2000).

Second, Fidelity, as the WYO company, is the only proper defendant in this action.  The NFIA expressly permits suits only against the director of FEMA*, see supra* note 2, and FEMA regulations extend liability to WYO companies.  44 C.F.R. § 62.23(d); *C.E.R.*, 386 F.3d at 267 n.4 (3d Cir. 2004)(noting that "42 U.S.C. § 4072 authorizes suit against the FEMA Director upon disallowance of a claim" and that "[b]y regulation, the WYO company is sued in place of the FEMA Director").  There is no provision in the NFIA or in the regulations authorizing suit against independent adjusters such as Fountain for claims arising from the adjustment of claims under

---

[4] Plaintiff does not oppose the dismissal of her claims against Fidelity for extra-contractual damages.  (Pl's Opp. at 2.)

8

SFIPs. *See Sutor v. FEMA*, 2008 WL 1959693, *6 (E.D.Pa. May 5, 2008). Because Plaintiff's claims plainly arise out of allegedly improper investigation and adjustment of a claim pursuant to a SFIP, and the only proper defendant in such an action is the WYO company, Plaintiff cannot maintain claims against Fountain.

Accordingly, Fidelity's Motion with respect to Plaintiff's claims for extra-contractual damages and Fountain's Motion with respect to the third-party beneficiary claim will be granted.[5]

**IV.**

For the foregoing reasons, FEMA's Motion to Dismiss will be granted. Fidelity's Motion for Judgment on the Pleadings with respect to Plaintiff's claims for extra-contractual damages and Fountain's Motion with respect to the third-party beneficiary claim will be granted. An appropriate order will be issued.

Dated: October 17, 2011

           s/Joseph E.Irenas
          **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[5] While there is some procedural irregularity in that Fidelity and Fountain have prematurely moved for Judgment on the Pleadings, the only Defendant to not have filed an answer is FEMA, which is no longer a party to the action. *See supra* section III, A. Therefore, any procedural issue concerning the timing of Fidelity and Fountain's Motion for Judgment on the Pleadings is now moot.